# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

Boguslaw Slawomir Matlak )
_____ )
_____ ) Case Number: 12-1027-JPG
_____ ) (Clerk's Office will provide)
_____ )
*Plaintiff/Petitioner(s)* )
v. ) ■ CIVIL RIGHTS COMPLAINT
) pursuant to 42 U.S.C. §1983 (State Prisoner)
Warden Acuff Damon )
Correctional Officer Fleming ) ☐ CIVIL RIGHTS COMPLAINT
Correctional Officer Brown ) pursuant to 28 U.S.C. §1331 (Federal Prisoner)
_____ )
) ☐ CIVIL COMPLAINT
*Defendant/Respondent(s)* ) pursuant to the Federal Tort Claims Act,
) 28 U.S.C. §§1346, 2671-2680, or other law

**FILED**
**SEP 24 2012**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## I. JURISDICTION

**Plaintiff:**

A. Plaintiff's mailing address, register number, and present place of confinement.

> A-057-922-411
>
> Tri County Detention Center
> 20 Justice Road
> Ullin, Illinois 62992

**Defendant #1:**

B. Defendant _____**Acuff Damon**_____ is employed as
    (a)  (Name of First Defendant)
             **Warden**
    _____
    (b)  (Position/Title)
         **Tri County Detention center**
    with _____
    (c)  (Employer's Name and Address)
    **20 Justice Rd. Ullin Illinois, 62992**

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?  ■ Yes   ☐ No

If your answer is YES, briefly explain:

> Warden is employed by loco Try County Jail.

(Rev. 7/2010)                             1

**Defendant #2:**

C.  Defendant **Fleming** is employed as

(Name of Second Defendant)

**Correctional Officer**

(Position/Title)

with **Tri County Jail**

(Employer's Name and Address)

**20 Justice Rd. Ullin Illinois, 62992**

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ■ Yes   ☐ No

If you answer is YES, briefly explain:

**Correctional Officer employed by loco County Jail.**

**Additional Defendant(s) (if any):**

D.  Using the outline set forth above, identify any additional Defendant(s).

(Rev. 7/2010)                    2

**Defendant #2:**

C.  Defendant _____**Brown**_____ is employed as
         (Name of Second Defendant)

  _____**Correctional Officer**_____
            (Position/Title)

  with _____**Tri County Jail**_____
        (Employer's Name and Address)
  **20 Justice Rd. Ullin Illinois, 62992**

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ■ Yes   ☐ No

If you answer is YES, briefly explain:

**Correctional Officer employed by loco County Jail.**

**Additional Defendant(s) (if any):**

D.  Using the outline set forth above, identify any additional Defendant(s).

(Rev. 7/2010)                               2

II. **PREVIOUS LAWSUITS**

    A. Have you begun any other lawsuits in state or federal court relating to your imprisonment? ■ Yes ☐ No

    B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint</u>.

        1. Parties to previous lawsuits:
           Plaintiff(s): **Boguslaw Slawomir Matlak**

           v.

           Defendant(s):
           **Cook County: Superintendent Corrie, Lt. Germany, Paramedic Hines Correctional Officer Anderson. Correctional Officer gray**

        2. Court (if federal court, name of the district; if state court, name of the county):
           **Northern District of Illinois**

        3. Docket number: **12 C 1708**

        4. Name of Judge to whom case was assigned: **Judge: Coleman Johnson**

        5. Type of case (for example: Was it a habeas corpus or civil rights action?):
           **Civil Rights Complaint pursuant 42, U.S.C. 1983, Eastern Division Chicago**

        6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
           **Pending**

        7. Approximate date of filing lawsuit: **December 22, 2011**

        8. Approximate date of disposition: **December 2, 2010**

III.   **GRIEVANCE PROCEDURE**

    A.   Is there a prisoner grievance procedure in the institution?  ■ Yes   ☐ No

    B.   Did you present the facts relating to your complaint in the prisoner grievance procedure?   ■ Yes   ☐ No

    C.   If your answer is YES,
        1.   What steps did you take?

```
I filed grievance for medical treatment
To my injury also I requested copy of
The video also I requested for discip-
-linary actions toward officers
```

        2.   What was the result?

```
Wardens respond along with Lt. Sparlock
Was not unacceptable, they try to denied
My allegations to avoid consequences
```

    D.   If your answer is NO, explain why not.

```
n/a
```

    E.   If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?   ■ Yes   ☐ No

    F.   If your answer is YES,
        1.   What steps did you take?

```
I spoke with the Correctional
Officers and sergeant, they suggested to
Filed a grievance and to speak with Lt.
```

        2.   What was the result?

```
Lt. told me that he will investigate
the Incident ordering copy of the
video also takes statements from
inmates that was with me.
```

    G.   If your answer is NO, explain why not.

```
n/a
```

    H.   Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

```
Attachment: Grievance, Respond, appeal, Medical requests
```

## IV.  STATEMENT OF CLAIM

    A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

On august 18, 2012 I was detained for 10 days at Jefferson County Jail. On 10:00Am I have been told by Correctional Officer to get ready for transfer and I was placed in the receiving/discharge room, on approximately 11:00Am Tri County Officer called me out to handcuff me, but me having walker for medical reasons (I injured my spine and legs prior to my motorcycle accident) Officer Flaming put only chain around my waist, ordering me and other inmates to fallow him to the sally port. Approximately 11 inmates entered the van taking sits, there were left 2 empty seats at front, it was impossible for me in my medical condition to sit normal and safe like everybody else, the distance between front seat and the plastic security screen was about 15 inches. I refused go into the van and trying talk to the coordinators about existing problem but they ignore me what I have to say, then Correctional Officer Fleming said to me (I don't care and don't piss me of smart ass) after he said that to me I placed myself on the ground next to the van trying to pull out my doctor orders that say's about my condition and special needs, also I try request for a sergeant or I.C.E agent, Officer knew about my medical condition I was in, but he ignore that and then Correctional Officer Fleming approach to me without offering me any help, assistance or resolving the problem and then with heavy anger without any warning picking me up of the ground, dragging me toward the van, using the chain around my waist throwing me into

the van at the front seat, trying to close the door but he couldn't because <u>my left leg doesn't bend</u>, Officer Fleming called his partner for assistance, Officer Brown approach to me and she starts pushing my leg while Officer Fleming closed the side door. The 90 minutes drive was very uncomfortable and painful. During this incident I was harmed and my spine was injured, also everything was captured on the security camera at Jefferson County Jail. From the moment when Correctional Officers placed chain on me, to the moment when Officer Fleming placed my inside the van, the coordinators wasn't talking about any solution to this situation at all, and they never asked me any questions regarding entering the van also Lt. Sparlock during his investigation on this incident, he reviewed all of my medical record without my consent, violating my confidential privacy and on base information he found Lt. reply to my complaints.

    Fallowing this incident after a great deal of pleading I was carried to the medical dispensary for general examination, the on duty nurse couldn't help me much with my issue but she states that I m on the doctor appointment list and I was placed in the Medical Health Care Unit observation cell. Fallowing the week I seen the doctor on 8-23-12 and she diagnose my problem, prescribing me medication for my injure. I have pinch nerve in my spine and because of that, I have tingling on my both shoulders blades shooting down to the kidneys area, this is very uncomfortable and painful. On 8-30-2012 I seen doctor again regarding my condition, and X-ray has been done to my spine, also MRI and treatments further orders.

    I now suffer from permanent and irreparable physical damage to my spine. Something that could have very easily been avoided, had the proper and necessary steps been taken. This was a complete disregard of my 8th amendment rights, and these violations have caused excessive unnecessary harm and harm.

Statements of Facts Were Relief May Be Granted.

1. The defendant Correctional Officer Fleming of Tri County Detention Center, Acting under color of state law where deliberate indifferent when he negligence his training of detainee who needs medical special needs and Violating the 8th amendment rights in the Illinois constitutional of 1970.

2. The defendant Correctional Officer Brown of Tri County Detention Center, Acting under color of state law where deliberate indifferent when she negligence her training of detainee who needs medical special needs and Violating the 8th amendment right in the Illinois constitutional of 1970.

Boguslaw Matlak

*[signature]*

OFFICIAL SEAL
ALICE SHEIBLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/27/13

*[signature]*
09-19-12

V. **REQUEST FOR RELIEF**

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

```
    A guilty verdict toward the defendants for substantial physical
damage mental pain and suffering and emotional distress deliberate
indifference and request substantial monetary damages in the amount of
in effects of $180.000 compensatory damages and in effects of $250.000
punitive damages.
```

VI. **JURY DEMAND** (*check one box below*)

The plaintiff ■ does ☐ does not request a trial by jury.

**DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: **September 19, 2012**
(date)

**20 Justice Rd.**

Street Address

**Ullin, Illinois 62992**

City, State, Zip

*Signature of Plaintiff*

**Boguslaw Slawomir Matlak**

Printed Name

**A-057-922-411**

Prisoner Register Number

Signature of Attorney (if any)

OFFICIAL SEAL
ALICE SHEIBLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/27/13

09-19-12

(Rev. 7/2010)                                                                 6