IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOGUSLAW SLAWOMIR MATLAK,** ) <br> Alien Reg. No. A-057-922-411, ) <br> IDOC Inmate No. M-27057, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **WARDEN ACUFF DAMON,** ) <br> **C/O FLEMING, and C/O BROWN,** ) <br> ) <br> Defendants. ) | CASE NO. 12-cv-1027-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is a detainee currently incarcerated at Tri-County Detention Center ("Tri-County"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Fleming and Brown were deliberately indifferent to his serious medical condition. More specifically, Plaintiff claims that on August 18, 2012, while transporting him from the Jefferson County Jail to Tri-County, Defendants Fleming and Brown injured him when they forced him into the front seat of the transport van (Doc. 1, pp. 6-7). Plaintiff was using a walker because of a previous injury to his spine and legs. He was unable to bend his left leg, and could not fit into the prisoner-transport area of the van. He informed Defendants Fleming and Brown about his special medical needs, and attempted to show them his doctors' orders explaining his condition. Defendant Fleming ignored Plaintiff's pleas, dragged Plaintiff to the van, and threw him into the front seat. When Defendant Fleming was unable to close the door because Plaintiff's left leg was in the way, Defendant Brown pushed Plaintiff's leg inside.

Plaintiff endured pain during the 90 minute drive to Tri-County, and claims he suffered permanent and irreparable damage to his spine as a result of his treatment at the hands of Defendants Fleming and Brown.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Fleming and Brown for deliberate indifference to medical needs. However, the claim against Defendant Damon (Tri-County Warden) is dismissed on initial review. Although Plaintiff lists Defendant Damon as a party, he makes no further reference to him in the body of the complaint. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Further, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Defendant Damon is "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Defendant Damon shall be dismissed from this action.

**Pending motion**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Philip M. Frazier for further consideration.

**Disposition**

Defendant Damon is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **FLEMING** and **BROWN**:  (1) Form 5

(Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   October 17, 2012**

                                                                        *s/J. Phil Gilbert*                        
                                                            **United States District Judge**